IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN W. HAMMER, Jr. and<br>CUMBERLAND MUTUAL FIRE<br>INSURANCE COMPANY, | * <br><br> * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-12-1139 |
| PENINSULA POULTRY<br>EQUIPMENT COMPANY, INC.<br>and KENNEDY KONSTRUCTION<br>KOMPANY, | *<br><br>*<br><br>* | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiffs John W. Hammer, Jr. ("Mr. Hammer") and Cumberland Mutual Fire Insurance Company ("Cumberland") have filed suit against the Defendants Peninsula Poultry Equipment Company, Inc. ("Peninsula Poultry") and Kennedy Konstruction Kompany ("Kennedy Konstruction") (together, "Defendants"). They allege products liability, breach of contract, and negligence arising out of property damage to Mr. Hammer's commercial poultry house, which was designed and constructed by the Defendants. Currently pending before this Court are Mr. Hammer's and Cumberland's Motions to Strike portions of the Defendants' Answers, in particular specific affirmative defenses raised by the Defendants (ECF Nos. 22, 23, 24). Also pending is Cumberland's Motion for Leave to Amend Complaint (ECF No. 41). The parties' submissions have been reviewed and no hearing is necessary to decide these matters. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the Motions to Strike Defendant Kennedy Konstruction's Affirmative

Defenses, filed by Mr. Hammer (ECF No. 22) and Cumberland (ECF No. 24), are DENIED AS MOOT; the Motion to Strike Defendant Peninsula Poultry's Affirmative Defenses, filed by Mr. Hammer (ECF No. 23), is GRANTED IN PART and DENIED IN PART; and Cumberland's Motion for Leave to Amend Complaint (ECF No. 41) is GRANTED.

## BACKGROUND

The following facts are alleged in the Plaintiff's Complaint, ECF No. 2. Plaintiff John W. Hammer, Jr. ("Mr. Hammer") resides in Caroline County, Maryland, where he owns and operates a poultry farm. Compl. ¶ 1. Plaintiff Cumberland Mutual Fire Insurance Company ("Cumberland"), which insures Mr. Hammer's property, is incorporated under the laws of New Jersey and has its principal place of business in Bridgeton, New Jersey.[1] Defendant Peninsula Poultry Equipment Company ("Peninsula Poultry") is a Delaware corporation doing business in Maryland; its business involves designing, fabricating, manufacturing, and constructing the buildings used to house live chickens, which are known as poultry houses. *Id.* ¶ 2. Defendant Kennedy Konstruction Kompany ("Kennedy Konstruction") is a Virginia corporation that also designs and manufactures the buildings and components for poultry houses. *Id.* ¶ 3.

In 2004, Mr. Hammer entered into a contract with Peninsula Poultry in which Peninsula Poultry agreed to design and construct two commercial poultry houses for Mr. Hammer's farm. *Id.* ¶¶ 5-8. Peninsula Poultry then entered into contracts with Kennedy

---

[1] These facts are not alleged in Mr. Hammer's Complaint; however, Cumberland has asserted these facts in various filings with this Court. *See, e.g.*, Mem. of Law in Support of Mot. for Leave to Amend 1-2, ECF No. 41-1.

Konstruction relating to the design and construction of these poultry houses. *Id.* ¶ 9. Peninsula Poultry and Kennedy Konstruction (together, "Defendants") thereafter built the two poultry houses. *Id.* ¶ 10. On or about December 20, 2009, a snowstorm passed through the area of Mr. Hammer's farm and deposited snow on the roofs of the two poultry houses. *Id.* ¶ 11. This snowfall caused the roof of one of the poultry houses to partially collapse. *Id.* ¶ 12.

Mr. Hammer and Cumberland (together, "Plaintiffs") separately filed suit against the Defendants in the Circuit Court for Caroline County, alleging various theories of liability arising out of the damage to the poultry houses. Cumberland filed a complaint in subrogation against the Defendants for the amount that Cumberland paid to Mr. Hammer under his property insurance policy. Mr. Hammer filed a complaint seeking to recover the remainder of his damages. Mr. Hammer's case was removed to this Court on grounds of diversity jurisdiction on April 13, 2012. *See* Notice of Removal, ECF No. 1. On the next day, Cumberland's case was consolidated with Mr. Hammer's case and removed to this Court. *See* Order Granting Motion to Consolidate Cases, ECF No. 6; Notice of Federal Removal, ECF No. 7.

In response to the Plaintiffs' Complaints, each Defendant submitted answers containing affirmative defenses. These affirmative defenses are the subject of three pending Motions to Strike, ECF Nos. 22, 23, and 24. In particular, Defendant Peninsula Poultry asserts the following "affirmative defenses" in its Answer to Mr. Hammer's Complaint:

> 93. Plaintiff's Complaint fails to state a claim upon which relief can be granted.
> 94. Defendant generally denies liability and further states that it did not commit the wrongs alleged.

3

95. Plaintiff's claims are barred by contributory negligence.
96. Defendant reserves the right to raise any defense available in law or in equity.
97. The Plaintiff has failed to join all parties necessary to a resolution of the dispute.
98. Plaintiff's injuries, losses, and/or damages, if any, were the result of acts or omissions of other defendants or third parties over whom this Defendant had no control or right of control.
99. Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in his claim.

Peninsula Poultry's Answer ¶¶ 93-99, ECF No. 11.

Defendant Kennedy Konstruction filed Answers to each Plaintiff's Complaint, which contained more than thirty statements labeled "Defenses."[2] Only some of these statements are affirmative defenses, while others function as admissions and denials in response to the allegations of the Plaintiffs' Complaints. The affirmative defenses asserted by Kennedy Konstruction include the doctrines of accord and satisfaction, assumption of the risk, collateral estoppel, contributory negligence, duress, laches, payment, release, res judicata, statute of frauds, statute of limitations, and waiver. *See* Kennedy Konstruction's Answer to Hammer 1-3, ECF No. 18; Kennedy Konstruction's Answer to Cumberland 1-4, ECF No. 19.

Mr. Hammer has filed two Motions to Strike, one asking this Court to strike the affirmative defenses raised by Kennedy Konstruction, *see* Mot. to Strike Kennedy Konstruction's Affirmative Defenses, ECF No. 22, and the other asking this Court to strike Defendant Peninsula Poultry's affirmative defenses, *see* Mot. to Strike Peninsula Poultry's

---

[2] Kennedy Konstruction's Answer to Mr. Hammer's Complaint includes thirty-eight "Defenses." *See* Kennedy Konstruction's Answer to Hammer 1-6, ECF No. 18. Kennedy Konstruction's Answer to Cumberland's Complaint includes thirty-four "Defenses," which are quite similar and in some cases identical to the defenses in the Answer to Mr. Hammer's Complaint. *See* Kennedy Konstruction's Answer to Cumberland 1-6, ECF No. 19.

Affirmative Defenses, ECF No. 23.  Mr. Hammer argues that just as a plaintiff must plead sufficient facts to support a claim, so too must a defendant that raises affirmative defenses.  He contends that the pleading standards set forth by the Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply equally to affirmative defenses.  For these reasons, Mr. Hammer seeks relief under Rule 12(f) of the Federal Rules of Civil Procedure, which permits a court to strike from a pleading "an insufficient defense."  Fed. R. Civ. P. 12(f).  Likewise, Plaintiff Cumberland has filed a Motion to Strike the affirmative defenses raised by Kennedy Konstruction.  *See* Mot. to Strike Kennedy Konstruction's Affirmative Defenses, ECF No. 24.  Cumberland argues, just as Mr. Hammer does, that the affirmative defenses asserted by Kennedy Konstruction should be stricken pursuant to Rule 12(f) because they are not supported by facts and do not provide fair notice to the plaintiffs.  Unlike Mr. Hammer, Cumberland has not filed a Motion to Strike Peninsula Poultry's affirmative defenses.

After the Plaintiffs filed these Motions to Strike, Kennedy Konstruction amended its Answers to each Plaintiff.  In these Amended Answers, Kennedy Konstruction cut back on the number of affirmative defenses it asserted and included a concise set of supporting facts with each defense.  *See* Kennedy Konstruction's Resp. to Cumberland's Mot. to Strike, ECF No. 27; Kennedy Konstruction's Resp. to Hammer's Mot. to Strike, ECF No. 28.  Kennedy Konstruction argues that these amended pleadings meet the "plausibility standard" of *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662, and provide sufficient notice to the plaintiffs.  *See, e.g.*, Kennedy Konstruction's Resp. to Cumberland's Mot. to Strike ¶¶ 6-7.

Peninsula Poultry, rather than amending its Answer, filed a Response in Opposition to Mr. Hammer's Motion to Strike. It maintains that its pleadings are sufficient under the law and that the Motion to Strike should be denied. *See* Peninsula Poultry's Resp. in Opp., ECF No. 31. If this Court determines otherwise, however, Peninsula Poultry has requested leave to file an amended answer. *Id.* at 5.

Also pending before this Court is Cumberland's Motion for Leave to Amend Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Cumberland's Mot. for Leave to Amend, ECF No. 41. Pursuant to Local Rule 103,[3] Cumberland requested the consent of all counsel to this Motion, and while counsel for Mr. Hammer and Peninsula Poultry consented, counsel for Kennedy Konstruction has not received authority to consent. *Id.* ¶ 5. The amendments that Cumberland seeks would make its original Complaint filed in the Circuit Court for Caroline County mirror the facts and causes of action alleged in Mr. Hammer's Complaint. Mem. of Law in Support of Mot. for Leave to Amend 3, ECF No. 41-1. Cumberland argues that these amendments would not change the nature of the litigation or prejudice the Defendants, since the Defendants are already involved in defending against Mr. Hammer's allegations. *Id.*

This Court will address first each Plaintiff's Motion to Strike Kennedy Konstruction's Affirmative Defenses (ECF Nos. 22, 24). Because Kennedy Konstruction's amendments cure the pleading deficiencies in its original pleading, these Motions to Strike will be denied as moot. Next this Court will consider Mr. Hammer's Motion to Strike Peninsula Poultry's

---

[3] Local Rule 103.6(d) states as follows: "Before filing a motion requesting leave to file an amended pleading, counsel shall attempt to obtain the consent of other counsel. Counsel shall state in the motion whether the consent of other counsel has been obtained." Local Rule 103.6(d) (D. Md. 2011).

Affirmative Defenses (ECF No. 23). Because some of these defenses are insufficiently pled, this Court will strike the insufficient defenses and grant Peninsula Poultry's request for leave to amend. Peninsula Poultry has leave to file an amended answer within thirty days after entry of the accompanying Order. Finally, this Court will turn its attention to Cumberland's Motion for Leave to Amend Complaint (ECF No. 41); since there is no prejudice to the Defendants in allowing such amendments, Cumberland's Motion will be granted.

STANDARDS OF REVIEW

**A. Motion to Strike an Insufficient Defense**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Thus, a defense may be excised if it does not meet the pleading requirements of Rules 8 and 9. *See McLemore v. Regions Bank*, 2010 U.S. Dist. LEXIS 25785, at *44 (M.D. Tenn. Mar. 18, 2010). The district court enjoys wide discretion in determining whether to strike an affirmative defense under Rule 12(f) in order "to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009).

Nevertheless, the United States Court of Appeals for the Fourth Circuit has noted that Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted). Accordingly, "in reviewing motions to strike defenses, federal courts have traditionally 'view[ed] the pleading under attack in a light most favorable

7

to the pleader.'" *Palmer v. Oakland Farms, Inc.*, 2010 U.S. Dist. LEXIS 63265, at *4 (W.D. Va. June 24, 2010) (internal quotation omitted). Finally, when affirmative defenses are stricken, the defendant should normally be granted leave to amend. *Banks v. Realty Mgmt. Serv.*, 2010 U.S. Dist. LEXIS 7501, at *3 (E.D. Va. Jan. 29, 2010) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004)).

### B. Motion for Leave to Amend Complaint

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once, as a matter of course" within "21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the United States Supreme Court explained that "in the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" The Court of Appeals for the Fourth Circuit has "interpreted [Rule] 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Undue prejudice to the opposing party may result from an amendment that would substantially change the nature of the case or require the opposing party to invest more time and expense

in new litigation preparation.  *See* 6 Wright & Miller § 1487, nn. 11-12 and associated text (collecting cases).

## ANALYSIS

### I. Motions to Strike Kennedy Konstruction's Affirmative Defenses (ECF Nos. 22, 24)

Both Plaintiffs in this case, Mr. Hammer and his insurer Cumberland, have asked this Court to strike the affirmative defenses originally asserted by Kennedy Konstruction.  They seek relief pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, which permits a court to "strike from a pleading an insufficient defense."  Fed. R. Civ. P. 12(f).  This Court has previously found that the plausibility standard set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009), applies as much to the pleading of affirmative defenses as it does to the pleading of allegations in a complaint.  *See Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 533 (D. Md. 2010); *see also Aguilar v. City of Lights of China Restaurant, Inc.*, No. DKC 11-2416, 2011 WL 5118325, at *2 (D. Md. Oct. 24, 2011) ("The majority of district courts, including those within this circuit, have concluded that the *Twombly–Iqbal* approach does apply to affirmative defenses." (citing *Bradshaw*, 725 F. Supp. 2d at 536; *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 233 (E.D.N.C. 2010)).  Thus, under the plausibility standard an assertion of an affirmative defense must contain "more than labels and conclusions" and a "formulaic recitation" of the elements of the defense.  *See Twombly*, 550 U.S. at 555.  Additionally, an assertion of an affirmative defense is insufficient if it does not contain "enough facts" demonstrating that it is "plausible on its face."  *Id.* at 570.

Kennedy Konstruction's first attempt to plead its affirmative defenses fell short of meeting the *Twombly–Iqbal* pleading standard. The Defendant provided nothing more than bare-bones assertions of its affirmative defenses—the sort of "formulaic recitation" format that was rejected by the Supreme Court in *Bell Atlantic v. Twombly*. 550 U.S. 544. In its Amended Answers, however, Kennedy Konstruction cured these deficiencies.[4] For example, in the Answer to Mr. Hammer's Complaint, Kennedy Konstruction stated "[t]hat the Plaintiff's claims may be barred by the doctrine of contributory negligence" and "[t]hat the Plaintiff's claims may be barred by the Statute of Limitations." Kennedy Konstruction's Answer to Hammer 2-3. In its Amended Answer, Kennedy Konstruction retained both defenses yet provided more factual details, stating "Defendant, Kennedy Konstruction Kompany, Inc., asserts that the Plaintiff's claims are barred by the doctrine of contributory negligence as the Plaintiff was negligent in maintaining and operating the chicken house, which caused it to collapse . . . [and] that the Plaintiff's claims are barred by the Statute of Limitations as the claims arose more than three years before this action was commenced." Kennedy Konstruction's Amended Answer to Hammer ¶¶ 17-18, ECF No. 30.

This Court finds that Kennedy Konstruction's amended pleadings are improved by concise, supporting factual allegations. Additionally, these pleadings comply with Form 30,

---

[4] The Amended Answers were timely filed. Kennedy Konstruction's Answers were filed on April 30, 2012; the Motions to Strike Kennedy Konstruction's Affirmative Defenses were filed on May 7 and 8, 2012; and Kennedy Konstruction's Amended Answers were filed on May 21, 2012. Thus the amended pleadings were filed within the twenty-one-day period of Rule 15(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P 15(a)(1)(B) (permitting a party "to amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f) . . . ."); *see also Alliance Solutions, Inc. v. Quest Software, Inc.*, No. ELH-11-2115, 2012 WL 692883, at *7 (D. Md. Mar. 1, 2012) (noting that Rule 6(d) of the Federal Rules of Civil Procedure extends the twenty-one-day period to twenty-four days where the motion under Rule 15(a)(1)(B) is served via the CM/ECF electronic filing system).

appended to the Federal Rules of Civil Procedure by Rule 84,[5] which offers examples of sufficiently pled affirmative defenses. As this Court has previously recognized, a proper affirmative defense, as illustrated in Form 30, includes "not only the name of the affirmative defense, but also facts in support of it." *Aguilar*, 2011 WL 5118325, at *3 (reviewing Form 30's "Affirmative Defense—Statute of Limitations," in the Appendix to the Federal Rules of Civil Procedure). It also worth noting that Kennedy Konstruction's amended defenses number substantially fewer than the originally alleged set of affirmative defenses—suggesting that upon further reflection of the facts of the case at hand, Kennedy Konstruction deleted those defenses that were not relevant.

As this Court emphasized in *Bradshaw*, "[p]leading requirements are intended to ensure that an opposing party receives fair notice of the factual basis for an assertion contained [in] a claim or defense." 725 F. Supp. 2d at 536. Moreover, the application of the *Twombly–Iqbal* standard to affirmative defenses "promote[s] litigation efficiency and will discourage defendants from asserting boilerplate affirmative defenses that are based upon nothing more than 'some conjecture that [they] may somehow apply.'" *Id.* (quoting *Hayne*, 263 F.R.D. at 650). The important policies behind the *Twombly–Iqbal* pleading requirements—fair notice to the opposing party and the excising of boilerplate allegations to achieve more efficient litigation—are clearly at work in Kennedy Konstruction's Amended Answers. These amendments provide the Plaintiffs the factual bases underlying Kennedy

---

[5] Rule 84 of the Federal Rules of Civil Procedure states as follows: "The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84.

Konstruction's defenses and reflect a more careful and discerning pleading practice on the part of Kennedy Konstruction.

In short, Kennedy Konstruction amended its pleadings to cure the deficiencies that the Plaintiffs exposed in their Motions to Strike.  Accordingly, Mr. Hammer's Motion to Strike Kennedy Konstruction's Affirmative Defenses, ECF No. 22, and Cumberland's Motion to Strike Kennedy Konstruction's Affirmative Defenses, ECF No. 24, became moot when Kennedy Konstruction amended its Answers.  These Motions to Strike are therefore DENIED AS MOOT.

**II.    Motion to Strike Defendant Peninsula Poultry's Affirmative Defenses (ECF No. 23)**

In addition to moving to strike the affirmative defenses of Kennedy Konstruction, Mr. Hammer also moved to strike Peninsula Poultry's affirmative defenses on the same grounds, namely that Peninsula Poultry's affirmative defenses failed to meet the *Twombly–Iqbal* pleading standard.  In response to Mr. Hammer's Motion to Strike, Peninsula Poultry argues first that there is a circuit split on the application of the *Twombly–Iqbal* pleading standard to affirmative defenses, and second that its affirmative defenses were "very specific" and did not rely on "boilerplate."  Peninsula Poultry's Resp. in Opp. 5, ECF No. 31.

As previously noted, this Court, consistent with the majority of district courts which have addressed this question, has specifically held that a party's pleading of affirmative defenses must meet the *Twombly–Iqbal* standard.  *Aguilar*, 2011 WL 5118325, at *2 ("The majority of district courts, including those within this circuit, have concluded that the *Twombly–Iqbal* approach does apply to affirmative defenses." (citing *Bradshaw*, 725 F. Supp.

2d at 536; *Racick*, 270 F.R.D. at 233)).    As explained in Section II of this Memorandum Opinion, *Bell Atlantic v. Twombly* requires a party to submit pleadings that contain "more than labels and conclusions" and a "formulaic recitation" of the elements of the defense.  550 U.S. at 555.  While this Court acknowledges a split of authority on this question,[6] it holds firm to its position that fairness and efficiency concerns compel the conclusion that Peninsula Poultry must plead plausible affirmative defenses.

In pleading some of its affirmative defenses, Peninsula Poultry has not met its burden.  Specifically, the affirmative defenses asserted at paragraphs 95, 97, and 98—contributory negligence, failure to join a necessary party, and lack of control over the parties who caused the injuries or damages—are pled in a conclusory fashion and without enough facts to show that the defenses are plausible.  It is especially clear that Peninsula Poultry's defense based on failure to join a necessary party is insufficient when viewed in light of the example in Form 30 of the Appendix to the Federal Rules of Civil Procedure.  As Form 30 illustrates, this particular defense should include not only the title of the defense but also the name of the party required to be joined, and, if possible, the required party's citizenship and a statement regarding the court's jurisdiction over the case if he were joined.  *See* Fed. R. Civ. P. App. Form 30.  For these reasons, these affirmative defenses must be stricken.

---

[6] Peninsula Poultry refers to two cases in which a district court declined to apply the *Twombly–Iqbal* standard to affirmative defenses.  *See Lopez v. Asmar's Mediterranean Food, Inc.*, No. 1:10cv1218(JCC), 2011 WL 98573 (E.D. Va. Jan. 10, 2011); *Tyco Fire Prods., LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 898 (E.D. Pa. 2011).  In *Tyco*, the Eastern District of Pennsylvania noted two additional cases in which a district court came to the same conclusion.  *See* 777 F. Supp. 2d at 899 (citing *Charleswell v. Chase Manhattan Bank, N.A.*, No. 01–119, 2009 WL 4981730, at *4 (D.Vi. Dec. 8, 2009); *Fed. Trade Comm'n v. Hope Now Modifications, LLC*, 09-1203 2011 WL 883202, at *2 (D.N.J. Mar. 10, 2011)).  No federal court of appeals has addressed this question.

On the other hand, Peninsula Poultry's remaining affirmative defenses—set out in paragraphs 93, 94, 96, and 99—are sufficiently pled. The defenses asserted in paragraphs 94 and 96 are general defenses denying liability; they do not require additional factual support to demonstrate plausibility. The others, which are asserted in paragraphs 93 and 99, conform to the level of specificity illustrated in Form 30 and provide fair notice to the Plaintiffs. Accordingly, this Court will not strike these defenses, as they are sufficient for purposes of Rule 12(f) of the Federal Rules of Civil Procedure.

In conclusion, this Court finds that the affirmative defenses asserted by Peninsula Poultry at paragraphs 95, 97, and 98 of its Answer must be stricken. Therefore, Mr. Hammer's Motion to Strike Peninsula Poultry's Affirmative Defenses, ECF No. 23, is GRANTED to the extent that paragraphs 95, 97, 98 must be STRICKEN and DENIED to the extent that paragraphs 93, 94, 96, and 99 shall remain intact. Peninsula Poultry is granted leave to file an amended answer correcting these pleading deficiencies within thirty days after entry of the Order accompanying this Memorandum Opinion. The party's amended answer need not contain "detailed factual allegations." *Twombly*, 550 U.S. at 555. As this Court held in *Aguilar*, Peninsula Poultry need only provide in "short and plain terms" the nature of the asserted defense. 2011 WL 5118325, at *4.

### III. Motion for Leave to Amend Complaint (ECF No. 41)

The final motion to be addressed is Cumberland's Motion for Leave to Amend Complaint, ECF No. 41. Cumberland seeks to amend its complaint so that it is consistent with the factual allegations and causes of action pled in Mr. Hammer's Complaint, ECF No. 2. Because Cumberland's deadline to amend its pleadings expired on June 15, 2012, it seeks

leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure, which permits a court to give leave "when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court of Appeals for the Fourth Circuit has "interpreted [Rule] 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d at 426 (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d at 509).  In this case, there is no concern that the amendment would be futile or that it reflects bad faith on the part of Cumberland; the only factor warranting discussion is prejudice to the opposing parties.  Courts have found such prejudice where an amendment would substantially change the nature of the case or would require the opposing party to invest more time and expense in new litigation preparation.  *See* 6 Wright & Miller § 1487, nn. 11-12 and associated text (collecting cases).  In this case, however, Cumberland seeks amendments that will do no such damage.  If Cumberland's complaint is made more consistent with Mr. Hammer's, then the Defendants will have to confront only the same allegations that they have already encountered in litigation with Mr. Hammer. Moreover, counsel for one of the Defendants, Peninsula Poultry, has consented to Cumberland's Motion, *see* Cumberland's Mot. for Leave to Amend ¶ 5, and the other Defendant, Kennedy Konstruction, did not submit a response in opposition to this Motion. Thus this Court finds no cause for concern with Cumberland's request, and Cumberland's Motion for Leave to its Amend Complaint, ECF No. 41, is GRANTED.

## CONCLUSION

For the reasons stated above, this Court makes the following rulings: Plaintiff John W. Hammer, Jr.'s Motion to Strike Defendant Kennedy Konstruction Kompany's Affirmative Defenses (ECF No. 22) is DENIED AS MOOT; Plaintiff John W. Hammer, Jr.'s Motion to Strike Defendant Peninsula Poultry Equipment Company's Affirmative Defenses (ECF No. 23) is GRANTED IN PART and DENIED IN PART, specifically, the affirmative defenses set forth in paragraphs 95, 97, and 98 of Defendant Peninsula Poultry Equipment Company's Answer are hereby STRICKEN, and the affirmative defenses set forth in paragraphs 93, 94, 96, and 99 of Defendant Peninsula Poultry Equipment Company's Answer shall not be stricken; Plaintiff Cumberland Mutual Fire Insurance Company's Motion to Strike Defendant Kennedy Konstruction Kompany's Affirmative Defenses (ECF No. 24) is DENIED AS MOOT; and Plaintiff Cumberland Mutual Fire Insurance Company's Motion for Leave to Amend Complaint (ECF No. 41) is GRANTED.

A separate Order follows.

Dated:      January 8, 2013                    /s/ _____

                                               Richard D. Bennett
                                               United States District Judge